UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13CV-70-S

J.P. DONOVAN                                                                          PLAINTIFF

v.

TARA PILE *et al.*                                                      DEFENDANTS

**MEMORANDUM OPINION**

      Plaintiff J.P. Donovan filed this *pro se* action under 42 U.S.C. § 1983 proceeding *in forma pauperis*. At the time of filing the complaint, Plaintiff was a prisoner at the Breckinridge County Detention Center, but he has since been released. In accordance with 28 U.S.C. § 1915A, the Court conducted an initial review of the complaint. On June 12, 2013, the Court entered a Memorandum and Scheduling Order allowing Plaintiff's claims to proceed past initial screening, directing service of the complaint on Defendants, and setting forth pre-trial deadlines. Subsequently, Defendant Veronica Hunt filed a motion for summary judgment. Plaintiff having not filed a response, the Court entered an Order on November 4, 2013, directing him to file a response to the summary-judgment motion. Plaintiff did not file a response to the motion.

      Plaintiff had taken no action in this case since the Court entered its Scheduling Order, other than filing a non-prisoner motion to proceed *in forma pauperis* on August 19, 2013. Therefore, the Court entered an Order on May 6, 2014, directing Plaintiff to notify the Court in writing within 30 days whether he wished to proceed with this action. That Order warned Plaintiff that his failure to respond within 30 days would result in the dismissal of this action under Fed. R. Civ. P. 41(b). More than 30 days have passed, and Plaintiff has not responded to the Order or taken any other action in this case.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Orders shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
     Counsel of record
4411.010